**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**KONA SPRING WATER
DISTRIBUTING, LTD.,**

    **Plaintiff,**

**v.**                                                                                    **Case No. 8:05-cv-119-T-23TBM**

**WORLD TRIATHLON
CORPORATION,**

    **Defendant.**
_____/

**O R D E R**

THIS MATTER is before the court on **Defendant's Motion to Compel/Motion for Contempt** (Doc. 30). By its motion, Defendant seeks an Order, pursuant to Fed. R. Civ. P. 37 and/or 45, requiring non-party Ken Strominger to comply with a subpoena duces tecum issued on January 20, 2006, for production of telephone bills and/or call records and documents reflecting communications he had with USA Triathlon. Defendant summarily requests that Mr. Strominger be held in contempt for failure to produce these documents. Mr. Strominger has filed a *pro se* response in opposition (Doc. 33). Plaintiff, Kona Spring Water Distributing, Ltd., has not filed a response.

This case involves Defendant's March 2002 termination of licensing agreements it had with Plaintiff. These contracts had permitted Plaintiff to utilize Defendant's Ironman name in connection with the production, marketing, and sale of bottled water and other beverages. Mr. Strominger was Defendant's Vice President of Marketing/Licensing during the events at issue in this litigation, and was, at times, the main contact with Plaintiff.

Defendant terminated Mr. Strominger on July 21, 2004.  Thereafter, Mr. Strominger worked as a sports marketing consultant and founded Nexus Sports Partners, a consultancy focused in the areas of sports trademark licensing, sports sponsorship marketing and sports business development.  By his representation, he did not have a non-compete agreement with Defendant.  In January 2005, Plaintiff sued Defendant for: (1) breach of water contract; (2) breach of all other beverage contract; (3) breach of implied covenant of good faith and fair dealing; (4) intentional interference with advantageous business relationships; and (5) equitable estoppel.  See (Doc. 1).

On January 20, 2006, Defendant issued its's Subpoena Duces Tecum to Mr. Strominger, seeking production of 19 categories of documents on or before March 1, 2006. (Doc. 30, Ex. 1).  Mr. Strominger responded on February 8, 2006.  He objected to request nos. 3 and 17, which are at issue on the instant motion and sought:

> request no. 3:  All documents constituting or relating to telephone bills and/or telephone call records covering the period from January 1, 2004, to present for any telephone number you utilized during this time, including, but not limited to, the (727)798-2089 and/or (727)789-5549 telephone numbers.
>
> request no. 17:  All documents constituting or relating to any communication (whether written or oral) you have had at any time since January 1, 2004, with Skip Gilbert and/or any other owner, director, employee, or agent (including legal counsel) of USA Triathlon.

Id. at Ex. A.  As grounds for his objections, Mr. Strominger asserted that the requests were irrelevant and invaded his rights to privacy and confidentiality.  Id. at Ex. 2.

By its instant motion, Defendant alleges that Mr. Strominger is likely a key witness for Plaintiff and his deposition testimony suggests that he may seek to harm Defendant due to the manner in which Defendant terminated his employment.  Thus, Defendant argues that the documents it seeks will reveal Mr. Strominger's bias against Defendant and serve to discredit

his testimony.[1]  Defendant also argues that Mr. Strominger's objections are legally insufficient and it urges the court to hold him in contempt for not complying with its Subpoena Duces Tecum.  (Doc. 30).  In response, Mr. Strominger reiterates his objections pertaining to relevancy, privacy, and confidentiality, and asserts that Defendant has misrepresented his deposition testimony and improperly portrayed him as an angry ex-employee.  In the alternative, he alleges that the requests are overly broad.  In his view, Defendant's attempt to obtain this information represents an improper effort to cause economic damage to his company and gain an unfair, competitive advantage with regards to his business relationships with others.  Mr. Strominger also points out that he attempted to compromise with Defendant, but his offer was rejected.  (Doc. 33).

Rule 45 governs discovery of non-parties by subpoena.  Fed. R. Civ. P. 45.  If an objection is made, the party serving the subpoena is not entitled to the documents at issue but may, upon notice to the person commanded to produce, seek an order to compel the production.  Fed. R. Civ. P. 45 (c)(2)(B).  The scope of discovery through a subpoena is the same as that applicable to Rule 34 and other discovery rules.  Fed. R. Civ. P. 45 advisory committee's note to the 1970 Amendments.  While Rule 45 does not include relevance as an enumerated reason for quashing a subpoena, it is well settled that the scope of discovery under a subpoena is the same as the scope of discovery under Rule 26(b) and Rule 34.  As

---

[1]In particular, Defendant alleges that Mr. Strominger's telephone records, at a minimum, are "reasonably calculated to lead to the discovery of admissible evidence as to Strominger's bias towards WTC" because it will help "identify the dates and times that Strominger had conversations with Kona Spring Water and other entities currently hostile to WTC."  It alleges further that, Mr. Strominger's communications with its existing clients, such as USA Triathlon, are "reasonably calculated to lead to the discovery of admissible evidence as to his dissatisfaction with WTC, Ben Fertic (president of WTC), and Dr. Gillis (owner of WTC)," which would be admissible to show that Mr. Strominger a "hostile ex-employee seeking to exact revenge upon his former employer."

3

such, a court must examine whether a request contained in a subpoena duces tecum is overly broad or seeks irrelevant information under the same standards set forth in Rule 26(b)[2] and as applied to Rule 34 requests for production. See Fed. R. Civ. P. 45(d)(1) advisory committee's note to the 1970 Amendment ("[t]he changes make it clear that the scope of discovery through a subpoena is the same as that applicable to Rule 34 and the other discovery rules."); see also 9A Charles A. Wright and Arthur R. Miller, Federal Practice and Procedure § 2459 (2d ed. 1995) (scope of discovery through a subpoena is "exceedingly broad" and incorporates the provisions of Rule 26(b) and Rule 34).

Upon consideration, Defendant's motion is GRANTED in part. Regarding request no. 3, Mr. Strominger's telephone call records from January 2004 through the present reflecting his communications with Plaintiff or its officers, agents and employees and others concerning Plaintiff's former business relationship with the Defendant are reasonably calculated to lead to the discovery of admissible evidence. In all other respects, I find the request overbroad and it appears to be nothing more than a fishing expedition. As for request no. 17, it appears correct that this request seeks proprietary commercial information between Mr. Strominger and an unrelated entity and Defendant does not demonstrate otherwise. Additionally, Defendant's alleged reasons for needing this information ring hollow. Defendant has not made the required showing of necessity to compel this information. See Fed. R. Civ. P. 45(c)(3)(B) (providing that, if the nonparty shows that the sought after

---

[2]Rule 26(b) permits the discovery of any non-privileged material "relevant to the claim or defense of any party," where "relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). While relevance for purposes of discovery is defined broadly, the right to discovery is not unlimited and does have "ultimate and necessary boundaries." Hickman v. Taylor, 329 U.S. 495, 507 (1947).

information is confidential commercial information, the burden shifts to the requesting party to show a "substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonable compensated."). Finally, a finding of contempt is not warranted under the circumstances.  See Fed. R. Civ. P. 45(e).  And, to the extent that Defendant seeks sanctions under Rule 37, I find the rule inapposite.  S ee Davis v. Speechworks Int'l, Inc., No. 03-cv-533S(F), 2005 WL 1206894, * 5 (W.D.N.Y. 2005).  In any event, Defendant has failed to demonstrate that sanctions are warranted.

Accordingly, for the reasons set forth above, it is **ORDERED** that **Defendant's Motion to Compel / Motion for Contempt** (Doc. 30) is **GRANTED in part** as set forth herein.  Such production as required hereby shall be made within twenty (20) days of the date of this Order.  In all other aspects, the motion is **DENIED**.

**Done and Ordered** in Tampa, Florida, this 7th day of April 2006.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies to:
Counsel of Record
Ken Strominger, 130 Woodglen Ct., Oldsmar, FL 34677