**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**KONA SPRING WATER
DISTRIBUTING, LTD.,**

     **Plaintiff,**

v.                                                       Case No. 8:05-cv-119-T-23TBM

**WORLD TRIATHLON
CORPORATION,**

     **Defendant.**
_____/

**O R D E R**

THIS MATTER is before the court on **World Triathlon Corporation's Motion for Reconsideration of Court's April 25 Order Limiting Production and Allowing Ken Strominger to Unilaterally Redact Telephone Records** (Doc. 41). By its motion, Defendant seeks reconsideration of the court's April 25, 2006, Order (Doc. 38) and an Order directing non-party Ken Strominger to produce his telephone records in their entirety, i.e., without redaction. While Mr. Strominger has not filed a response in opposition, he has filed notices of compliance with the court's Order. (Docs. 43-44).

A court's ruling on a motion for reconsideration of a non-final order is reviewed for abuse of discretion. See Region 8 Forest Serv. Timber Purchasers Council v. Alcock, 993 F.2d 800, 806 (11th Cir. 1993). Reconsideration of a prior order is an extraordinary remedy and should be employed sparingly. Am. Ass'n of People with Disabilities v. Hood, 278 F. Supp. 2d 1337, 1339 (M.D. Fla. 2003); Mannings v. Sch. Bd. of Hillsborough County, Fla., 149 F.R.D. 235 (M.D. Fla. 1993). The party seeking reconsideration must set forth facts or

law of a strongly convincing nature to induce the court to reverse its prior decision. Mannings, 149 F.R.D. at 235. Grounds which justify reconsideration include (1) an intervening change in controlling law, (2) the availability of new evidence, and (3) the need to correct clear error or prevent manifest injustice. See Burger King Corp. V. Ashland Equities, Inc., 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002).

Upon careful consideration, **World Triathlon Corporation's Motion for Reconsideration of Court's April 25 Order Limiting Production and Allowing Ken Strominger to Unilaterally Redact Telephone Records** (Doc. 41) is **DENIED**. Here, Defendant does not contend that there is an intervening change in law or that new evidence has been discovered. At best, Defendant *implies* that the court clearly erred or that manifest injustice will result if Mr. Strominger is not ordered to provide un-redacted telephone records. I disagree, and the persuasive authority relied upon by Defendant does not convince me otherwise.

**Done and Ordered** in Tampa, Florida, this 16th day of May 2006.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies to:
Counsel of Record
Ken Strominger, 130 Woodglen Ct., Oldsmar, FL 34677