UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**KONA SPRING WATER
DISTRIBUTING, LTD.,**

    **Plaintiff,**

v.                                         **Case No. 8:05-cv-119-T-23TBM**

**WORLD TRIATHLON
CORPORATION,**

    **Defendant.**
_____/

**O R D E R**

THIS MATTER is before the court on **Defendant/Counter-Plaintiff WTC's Motion to Compel Production of Recorded Telephone Conversations** (Doc. 59) and Plaintiff's response (Doc. 70).[1]  A hearing on these matters was conducted on December 15, 2006.  Thereafter, Plaintiff and Counter-Defendants filed a supplemental response (Doc. 78).

By its motion (Doc. 59), Defendant/Counter Plaintiff World Triathlon Corporation (hereinafter "WTC" or "Defendant") seeks an Order compelling Plaintiff/Counter-Defendant Kona Spring Water Distributing, Ltd. ("Plaintiff" or "Kona") and Counter-Defendant Rick Seitz (hereinafter "Seitz")[2] to produce recordings of telephone conversations between Seitz and unconsenting WTC personnel who were located in Florida at the time of the recordings,

---

[1] The parties have also filed exhibits in support of their pleadings.  See (Doc. 62, 73).

[2] Seitz was the prior president of Kona and resides in Ohio.  (Doc. 66, ¶ 4; Doc. 68, ¶ 4).

as well as any withheld recordings with any other Florida entities. WTC claims while these recordings are responsive to its discovery requests, Kona and the individual Counter-Defendants (Seitz and Jerome Decker) are improperly withholding the recordings based on a claim of Fifth Amendment privilege.[3] WTC urges two main reasons why Kona and the individual Counter-Defendants (hereinafter referred to collectively as "Kona Group") may not properly invoke the Fifth Amendment privilege as a basis for refusing to produce the recordings. First, it contends that Kona has no Fifth Amendment privilege against self-incrimination to invoke and that Seitz and Decker cannot invoke the privilege themselves when they were acting at all pertinent times on behalf of Kona and in their capacity as principles of Kona. Next, it contends that the recordings should be compelled because the Fifth Amendment privilege against self-incrimination no longer applies under the facts of this case because the statute of limitations for criminal prosecution of a violation of Florida's wiretapping statute has run, thereby removing any basis for withholding the recorded conversations. Additionally, WTC urges that, to the extent the privilege claim is based on

---

[3]The rather lengthy course of dealings between the parties concerning discovery of these recorded conversations is set forth in the pleadings and is not repeated in full herein. Significantly, WTC served its first request for production of documents in July 2005. Kona Group responded in September 2005. In an accompanying privilege log, Kona Group listed audiotaped recordings of third-parties for which they claimed the Fifth Amendment privilege. Numerous inquiries by WTC lead to the revelation that a number of telephone conversations between Kona Group and third parties, as well as employees of WTC, were surreptitiously recorded by the Kona Group. Seitz has declined to answer questions about the recordings asserting the Fifth Amendment privilege. During August and September 2006, counsel for Kona Group turned over to WTC ninety-six (96) recordings of surreptitiously recorded conversations by Seitz and third parties for which they were no longer claiming privilege. As revealed at the hearing, the present dispute concerns eleven individual recordings of three individuals presently in the possession of Kona Group's counsel.

Kona's *use* of the recordings as opposed to the recording itself, the mere production of the recordings cannot amount to self-incrimination.

In response (Doc. 70), the Kona Group concedes that they have withheld the above noted recordings on a claim of Fifth Amendment privilege. They urge that a number of unresolved factual and legal issues exist concerning the capacity in which Seitz made the recordings and the potential for a criminal prosecution of Seitz which support the withholding of the recordings.[4] They claim that, in lieu of any continued contest over the matter, they have offered to disclose the recordings subject to the extant confidentiality order and in return for a binding stipulation by WTC that Kona, the entity, rather than Seitz, the individual, is solely responsible for the creation and/or use of the recordings. Absence the stipulation, they contend that the mere production of the remaining tapes is testimonial and therefore privileged.

By their supplement (Doc. 78), the Kona Group again argues that the invocation of the Fifth Amendment privilege in response to Defendant's request for production was proper under the circumstances. In support thereof, they rely primarily on Fisher v. United States, 425 U.S. 391 (1976) and its progeny, as well as Parker v. Baltimore & Ohio RR Co., 555 F. Supp. 1177 (D.D.C. 1983) and In re Bernstein, 425 F. Supp. 37 (S.D. Fla. 1977), for the proposition that the Fifth Amendment privilege protects against forced production that

---

[4]They urge that WTC cannot meet its burden of proving that production of the disputed recordings should be compelled because its motion relies on faulty or unsupported factual assumptions leading to its conclusion that Seitz may not assert the privilege and because WTC's conclusions concerning the expiration of the Florida statute of limitations is perhaps incorrect.

3

amounts to a compelled incriminating testimonial communication.  The Kona Group concedes, however, that if the court finds that the recordings were created and maintained by the taping party acting solely in a corporate capacity, the Fifth Amendment privilege is inapplicable.

It is well-settled that a corporation has no Fifth Amendment privilege to refuse to produce its records.  Hale v. Henkel, 201 U.S. 43, 74 (1906).  Further, a corporate representative may not invoke his personal Fifth Amendment privilege to shield corporate records from production, even if his production of the records would prove personally incriminating.  Braswell v. United States, 487 U.S. 99, 111-12 (1988); Fisher, 425 U.S. at 411.  This is because a corporate custodian's act of producing records of corporation pursuant to a subpoena is a corporate act, not a personal act.  Braswell, 487 U.S. at 102; but see In re Grand Jury Subpoenas Duces Tecum Dated June 13, 1983 and June 22, 1983, 722 F.2d 981 (2d Cir. 1983).

Upon consideration, the motion to compel (Doc. 59) is **GRANTED**.  Here, what evidence presently exists about the recordings clearly suggests that the recordings at issue were made by Seitz in his capacity as corporate representative of Kona and in relation to its business.  Kona itself has no Fifth Amendment privilege permitting it to avoid the production of its records and it may not insulate itself from such production on the basis of Seitz's privilege (the continued existence of which is presumed for purposes of this motion.).[5]  See

---

[5] The fact of Seitz's recording of numerous telephonic conversations while working for Kona, as well as the existence of the recordings involving WTC employees, has been conceded.  WTC's assumption that the recordings were made on behalf of Kona by one of its principals is not without a reasonable basis.  The proffered transcript of a recording of the

Braswell, 487 U.S. at 111-12; In re Grand Jury Subpoena Dated Nov. 12, 1991, 957 F.2d 807, 809 (11th Cir. 1992).  Counsel for Kona is hereby Ordered to produce the remaining recordings within ten (10) days from the date of this Order.  Further, Defendant is granted leave to supplement is motion for sanctions (Doc. 60) within ten (10) days thereafter.

**Done and Ordered** in Tampa, Florida, this 28th of December 2006.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies to:
United States District Judge
Counsel of Record

---

conversation between Seitz and Barry Phillips (Doc. 62-25) gives a clear indication of the nature of such activity by Seitz.  While Seitz may seek to preserve his Fifth Amendment rights in regards to the disputed recordings, the company for which he was acting at the time of such recording has no such rights.  In the circumstances, production by Kona's counsel serves only to confirm that which has already be conceded.