**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**KONA SPRING WATER**
**DISTRIBUTING, LTD.,**

    **Plaintiff,**

v.                                                  **Case No. 8:05-cv-119-T-23TBM**

**WORLD TRIATHLON**
**CORPORATION,**

    **Defendant.**
_____/

**O R D E R**

THIS MATTER is before the court on **Defendant/Counter-Plaintiff WTC's Motion to Compel Deposition Testimony of Rick Seitz and Request for Expedited Consideration** (Doc. 80) and Plaintiff's and Counter-Defendants' response in opposition and **Motion for Clarification** (Doc. 81). By its motion, Defendant, World Triathlon Corporation (hereinafter "WTC"), seeks an Order compelling Plaintiff/Counter-Defendant Kona Spring Water Distributing, Ltd., and Counter-Defendant Rick Seitz (collectively referred to herein as "Kona Group"), to produce Seitz for deposition prior to January 31, 2007, to testify about the recorded telephone conversations at issue in this case so that WTC may adequately supplement its pending motion for sanctions (Doc. 60). WTC also requests that it be permitted an additional ten (10) days from the date of Seitz's deposition to file its

supplemental pleading in support of its motions for sanctions.  (Doc. 80).  The Kona Group opposes the motion and seeks clarification of the court's Order of December 28, 2006.

In support of its motion, WTC contends that the deposition is necessary in order for it to fully apprise the court of the factual circumstances of prejudice it has suffered through Seitz's surreptitious recording of telephone conversations with third parties and employees of WTC.  (Doc. 80).  In response, the Kona Group urges the court to deny the motion.  By their argument, WTC has failed to demonstrate how Seitz's testimony concerning the telephone recordings is relevant and/or material to establishing the prejudice WTC has suffered as a result of withholding the recordings based on an asserted privilege or any other issue pending before the court.  The Kona Group also seeks clarification of "the specific nature of the supplemental pleading which WTC will be permitted to file."  (Doc. 81).

Upon consideration, **Defendant/Counter-Plaintiff WTC's Motion to Compel Deposition Testimony of Rick Seitz and Request for Expedited Consideration** (Doc. 80) is **GRANTED**.  In light of WTC's pending motion for sanctions (Doc. 60) and given WTC's Amended Counterclaim, which includes a count alleging that Kona and Seitz violated the Florida Security of Communications Act (Count VII, Doc. 66 at 14-15), I find that it is appropriate to reopen discovery for the limited purpose of allowing WTC to depose Seitz regarding his recording of telephone conversations.  The deposition shall be limited to three (3) hours and shall occur on a date, on or before January 31, 2007, and at a location mutually agreed upon by the parties.  Initially, each party shall bear their own travel costs in connection with the deposition.  Within eleven (11) days of the conclusion of this deposition, WTC may,

if it chooses to do so, supplement its pending motion for sanctions. The Kona Group's request for clarification (Doc. 81) is **DENIED**.

    **Done and Ordered** in Tampa, Florida, this 10th of January 2007.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies to:
United States District Judge
Counsel of Record

3