UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**KONA SPRING WATER**
**DISTRIBUTING, LTD.,**

    **Plaintiff,**

v.                                         **Case No. 8:05-cv-119-T-23TBM**

**WORLD TRIATHLON**
**CORPORATION,**

    **Defendant.**

_____/

**O R D E R**

THIS MATTER is before the court on **Defendant/Counter-Plaintiff WTC's Motion for Sanctions Pursuant to Fed. R. Civ. P. 37(d)** (Doc. 60), Plaintiff's response (Doc. 71), and Defendant/Counter-Plaintiff WTC's amended supplement (Doc. 101).[1] Hearings on these matters were conducted on December 15, 2006, and March 6, 2007.

By its motion, Defendant/Counter-Plaintiff World Triathlon Corporation (hereinafter "WTC" or "Defendant") seeks an Order, pursuant to Federal Rule of Civil Procedure 37(d), sanctioning Plaintiff/Counter-Defendant Kona Spring Water Distributing, Ltd., and Counter-Defendants Rick Seitz[2] and Jerome Decker[3] (collectively referred to

---

[1] The parties also filed exhibits in support of their pleadings. See (Doc. 62, 73, 98).

[2] Seitz was the prior president of Kona and resides in Ohio. (Doc. 66, ¶ 4; Doc. 68, ¶ 4).

[3] Decker was the prior chairman of Kona and resides in Ohio. (Doc. 66, ¶ 3; Doc. 68, ¶ 3).

herein as "Kona Group") for their failure to timely produce 96 conversations that the Kona Group surreptitiously recorded of material witnesses in this action. Specifically, WTC claims the untimely production of these recorded telephone calls, made well over a year after production of such matters was first requested, has prejudiced its discovery and preparation for trial as it was deprived of "critical evidence" throughout the discovery period. It seeks an Order prohibiting Kona, Seitz, and Decker from using, either directly or indirectly, any of the wrongfully withheld telephone recordings;[4] awarding WTC any costs, including attorneys' fees, incurred in retaking depositions necessitated by the eleventh-hour production of the telephone recordings; and awarding WTC its cost and attorneys' fees incurred in bringing its instant motion. (Doc. 60).

At the same time the instant motion was filed, WTC also filed its Motion to Dismiss Complaint With Prejudice and to Strike Answer to Counterclaims or, in the Alternative, to Disqualify Counsel Due to Party Misconduct. See (Doc. 61). In that motion, WTC addressed the recordings Seitz made of WTC officers and employees who were in the State of Florida at the time of the recordings. WTC sought dismissal of the Complaint and striking of the Kona group's responsive pleadings, or alternatively, disqualification of its counsel because of the alleged illegal nature of the recordings under Florida's anti-wiretapping law. By Order dated December 13, 2006, the district judge, in the interest of judicial economy, denied WTC's motion to dismiss, reasoning that in resolving WTC's

---

[4]To this end, WTC contends that it "should not be limited in any fashion from use of the recordings. To the extent that the recordings assist in WTC's defense or the prosecution of its counterclaims, it would be unjust to deprive WTC of the use of such evidence solely due to the malfeasance of the Counter-Defendants." (Doc. 60 at 21).

2

motion for sanctions (Doc. 60), the undersigned might grant or recommend the identical relief sought in WTC's motion to dismiss (Doc. 61). See (Doc. 76).

In response to the instant motion, the Kona Group first notes that, with respect to the 96 recordings of persons outside the State of Florida, no discovery remains outstanding as all of the recordings have long since been produced. They also point out that WTC's motion is premised on Rule 37(d), which is inapplicable to the facts here and thus provides no basis for the imposition of sanctions. Even if Rule 37 does provide a basis for the possible imposition of sanctions, the Kona Group urges that no such sanctions are warranted because Kona Group and its counsel acted in good faith in addressing this issue as reflected by the exhibits submitted. They urge further that WTC's conclusory claims of prejudice associated with any delay in production are wholly unfounded and disingenuous. (Doc. 71). In its response to WTC's motion to dismiss, the Kona Group similarly asserted its good faith throughout the proceedings and urged that the sanctions of dismissal, the striking of pleadings and the dismissal of counsel were too extreme and not warranted in the circumstances of this case. (Doc. 72).

As reflected in the record of these proceedings, at the time these motions were filed, WTC also sought an Order compelling the production of all surreptitiously recorded telephone calls. See (Doc. 59). The motion was opposed by the Kona Group, at least insofar as it related to the production of the conversations illegally recorded under Florida law. See (Docs. 70, 78). After additional conferences and pleadings, the court ordered the Kona Group to produce the "remaining recordings." See (Doc. 79). WTC was also

permitted to take discovery related to the recordings and their use by the Kona Group. In an amended supplement to its motion for sanctions (Doc. 101), filed after WTC received the Florida recordings from the Kona Group and deposed Seitz and Decker,[5] WTC urges that the appropriate remedy is that the Kona Group be sanctioned by dismissal of its case. As grounds, WTC alleges prejudice by way of facts newly discovered during the Seitz and Decker depositions, as well as from Kona's "selective" retention of the surreptitious Florida telephone recordings. In the alternative, WTC urges that disqualification of the Kona Group's current counsel is warranted.[6] WTC argues that the Kona Group's counsel have conceded access to, and use of, the telephone tape recordings and transcripts and have become witnesses to the facts underlying its Florida Security of Communications Act claim. As such, WTC argues that Kona's counsel are incapable of continued representation. In addition, noting the "eleventh hour timing" of receiving the Florida tapes, WTC alleges prejudice under the current trial schedule. To the extent that the court finds dismissal of the case and/or disqualification of counsel unwarranted, WTC requests the following: (1) that the court issue specific instructions regarding the future possession and treatment of both the Florida and non-Florida recordings; (2) that Kona, Seitz, and Decker be compelled to provide the originals and all copies of the remaining tapes and transcripts to counsel for

---

[5] According to WTC, on January 5, 2007, Kona produced recordings of 25 telephone conversations, totaling approximately 6 hours and 28 minutes, between Seitz and WTC personnel Ken Strominger, Ben Fertic and Pit Gills. WTC deposed Seitz and Decker on February 9, 2007.

[6] On February 22, 2007, the undersigned granted a motion to withdraw (Doc. 99) filed by one of the Kona Group's counsel, Joseph T. Kissane. See (Doc. 102). Remaining as current counsel for the Kona Group is Christopher Casey.

WTC; (3) that the court order no entity outside of WTC be permitted to have access to the tapes and transcripts; (4) that Kona, Seitz, and Decker be prohibited from making use or reference to the tapes or transcripts or information therein during any deposition or trial in this matter; (5) that should WTC elect to use a portion of any recording, such use not operate as a waiver; (6) that Kona be prohibited from using the depositions of WTC and its officers and board members for purposes of impeachment at trial; and (7) the fees and costs WTC incurred in reconvening the depositions of Seitz and DPSU and in litigating issues relating to both the illegal Florida recordings and the late produced non-Florida recordings.  (Doc. 101).

Upon careful consideration, to the extent WTC seeks an Order dismissing the Complaint or striking the Kona Groups' responsive pleadings, the motion is DENIED.  As urged by WTC, "[f]ederal courts have the inherent power to dismiss an action for misconduct that abuses the judicial process and threatens the integrity of that process – including misconduct unrelated to the merits of the case."  Vargas v. Peltz, 901 F. Supp. 1572, 1582 (S.D. Fla. 1995).  However, in the circumstances of this case, such an extreme sanction is unwarranted.  While I conclude that the Kona Group made inappropriate claims of privilege and wrongly denied WTC access to these recordings, the harm to WTC is not shown to be sufficient to call for these severe sanctions.  Throughout the several hearings necessitated by the Kona Group's belated disclosure of the surreptitiously recorded conversations, I have invited WTC to articulate both the misconduct at the hands of the Kona Group and WTC's actual prejudice arising therefrom.  In the end, neither the belated disclosures nor the articulated prejudice arising therefrom would warrant an Order

dismissing the Complaint or striking the Kona Group's pleadings. As for the sanction of removing the Kona Group's counsel, the matter is more problematic. At present, however, I cannot conclude that counsel should be removed from the case. First, the record indicates that the recordings were made prior to the formal litigation in this cause and without the knowledge of current counsel. While counsel has conceded that they were advised of the recordings and listened to at least one of the recordings, there is no evidence that counsel has sought to or actually gained an unfair benefit from the recordings. It is troubling that Seitz and Decker have used the recordings selectively to refresh their recollections and no doubt to advance the Kona Group's position in this litigation. It also is troubling that WTC has been denied the opportunity to listen to *all* the recordings actually made by Seitz. Nonetheless, WTC is unable to articulate any specific advantage that counsel has obtained by the tapes and, more significantly, to articulate a level of actual harm to WTC's position in the underlying litigation such that a severe sanction is warranted. Indeed, the issues and concerns raised by Seitz's and Decker's surreptitious recording and use of these telephone conversations appear substantially collateral to the real disputes between the parties. While there is the threat that counsel could be made a witness to Count VII of WTC's [Second] Amended Counterclaim, that threat has not ripened into a reality such that counsel's removal is necessary.

On the other hand, the evidence supports that WTC was forced to unnecessarily expend considerable effort and money to penetrate the Kona Group's inappropriate claims of privilege and force the disclosure of these recordings. Additionally, WTC's counsel was

6

forced to conduct almost all of its discovery without the knowledge or benefit of the same. The belated disclosure also has required counsel to revisit its prior discovery and to redepose witnesses at considerable expense. WTC should never have been put in this position and appears blameless to the extent that it has been. Beyond these concerns, I also recognize that there is some potential that the dissemination and use of the selected transcripts may affect some witness's testimony inappropriately. Accordingly, I find that the following sanctions and directives are warranted:

    1) Counsel for Kona Group shall retrieve all originals of the disputed recordings, transcripts of the same, and any copies of the same and store them in safe keeping;[7]

    2) WTC shall be afforded the immediate opportunity to review and copy, if necessary, the originals of the recordings at issue;

    3) Absent further Order of the court, the Kona Group, its counsel, officers, directors employees and agents, as well as its trial witnesses, are prohibited from using the recordings and transcripts for any purpose in this litigation or otherwise;

    4) Use of the recordings or transcripts at trial for any purpose shall be at the discretion of the trial judge; and

    5) WTC is awarded its fees and costs incurred in connection with its motion to compel (Doc. 59), the instant motion for sanctions (Doc 60), its motion to compel the deposition of Seitz (Doc. 80), and its amended supplement to its motion for sanctions (Doc. 101), as well as the fees and costs associated with the redeposing of Seitz and Decker.

---

[7]To the extent that copies have been shared with potential witnesses for Kona Group, counsel shall make a good faith effort to retrieve these copies as well.

Accordingly, for the reasons set forth above, **Defendant/Counter-Plaintiff WTC's Motion for Sanctions Pursuant to Fed. R. Civ. P. 37(d)** (Doc. 60) is **GRANTED** to the extent set forth herein. Within <u>fifteen (15)</u> days from the date of this Order, counsel for WTC shall submit an affidavit of their fees, costs and expenses associated with the motions and discovery on which the awarded sanctions are based. In all other aspects, the motion (Doc. 60) is **DENIED**.

**Done and Ordered** in Tampa, Florida, this 7th day of March 2007.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies to:
United States District Judge
Counsel of Record