UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KONA SPRING WATER DISTRIBUTING,
LTD.,

    Plaintiff,

v().                                            CASE NO: 8:05-cv-119-T-23TBM

WORLD TRIATHLON CORPORATION,

    Defendant.
_____/

**ORDER**

Kona Spring Water Distributing, Ltd. ("KSW") sues World Triathlon Corporation ("WTC") for breach of contract, breach of an implied covenant of good faith and fair dealing, intentional interference with an advantageous business relationship, and equitable estoppel. Following discovery, WTC moves (Doc. 92) for summary judgment on all counts of KSW's complaint. KSW opposes the motion (Doc. 95).

A district court should grant summary judgment only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), Federal Rules of Civil Procedure; Celotex Corp. V. Catrett, 477 U.S. 317, 324-25 (1986). A factual dispute precludes summary judgment. Matsushita Elec. Ind. V. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986). Unsworn and conclusory allegations are insufficient to support summary judgment. Avirgan v. Hull, 932 F.2d 1572, 1577 (11th Cir. 1991). Likewise, the

existence of a mere scintilla of evidence in opposition to the motion is insufficient. Anderson v. Liberty Lobby, Inc., 106 S Ct. 2505, 2512 (1986).

Claiming entitlement to summary judgment against KSW on all counts of the complaint, WTC argues that KSW lacks standing to bring this action (Doc. 92 at 11-12). However, KSW sues pursuant to both a September 21, 1999, licensing and distribution agreement between WTC and KSW (Doc. 1-2) ("the Water Contract") and a January 1, 2000, licensing and distribution agreement between WTC and KSW (Doc. 1-3) ("the Beverage Contract"). As a party to both the Water Contract and the Beverage Contract, KSW enjoys standing to sue for WTC's alleged breach of each contract. Biscayne Inv. Group, Ltd. v Guarantee Management Servs., Inc., 903 So. 2d 251, 254 (Fla. 3rd DCA 2005).

WTC also argues that KSW's consequential damages are so inherently speculative as to be legally impermissible (Doc. 92 at 13-17). Specifically, WTC argues that "Kona Water's damage theory in this case is a series of 'what ifs' coupled with 'guesses' as to the possible future decisions of third-parties sprinkled with a healthy dose of 'maybes' topped with conjecture . . . ." (Doc. 92 at 14). However, Florida law, which governs the proof required for damages in this diversity action, provides a relatively liberal standard for proving damages. See Ritchie v. Harrison, No. Civ.A.3:03CV14-1, 2006 WL 826761 (M.D. Ga. March 28, 2006). "The fact that such damages are difficult to measure and by their nature are uncertain in amount does not render such damages unrecoverable." G.M. Brod & Co., Inc. V. U.S. Home Corp., 759 F.2d 1526, 1538 (11th Cir. 1985) (quoting Mechanical Wholesale, inc. v. Universal-

Rundle Corp., 432 F.2d 228, 231 (5th Cir. 1970)).  Otherwise, a party could breach its contract and avoid liability "merely because it is impossible for the other party to state or prove a perfect measure of damages."  G.M. Brod & Co., Inc., 759 F.2d at 231.

More importantly, a plaintiff against whom summary judgment is sought need not conclusively prove his case but must establish only a genuine issue of material fact.  In considering a motion for summary judgment, "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); G.M. Brod & Co., Inc., 759 F.2d at 1539 (holding that proof of damages may be approximate and based on estimates and assumptions, so long as those estimates and assumptions rest on adequate data); Destiny Const. Co. v. Martin K. Eby Construction, 662 So. 2d 388, 390-91 (Fla. 5th DCA 1995) (holding that entry of summary judgment was error in light of unresolved issues of damages resulting from breach of contract).  Regardless of KSW's arguable entitlement to consequential damages, the possibility of an award of nominal damages precludes summary judgment.  Destiny Const. Co., 662 So. 2d at 391.

Finally, WTC claims entitlement to summary judgment on all counts because "[KSW] breached the Water Contract and anticipatorily breached both the Water Contract and the Beverage Contract by communicating to WTC their unequivocal intent not to make any royalty payments past due or coming due . . . ." (Doc. 92 at 18).  However, whether KSW anticipatorily breached the water and beverage contracts (or whether, alternatively, WTC initially breached the contract) necessarily hinges on

- 3 -

disputed factual questions resolvable only by a jury.  The parties dispute both KSW's understood royalty obligations at the time of the termination (as evidence by representations allegedly made by WTC) and certain pertinent events at the so-called "airport meeting" (Doc. 91-4 at 5; Doc. 91-10 at 19).

In sum, because WTC fails altogether to demonstrate the absence of a genuine issue of material fact, WTC's motion for summary judgment (Doc. 92) is **DENIED**.

ORDERED in Tampa, Florida, on March 19, 2007.

                                            STEVEN D. MERRYDAY
                                           UNITED STATES DISTRICT JUDGE

cc:    Courtroom Deputy