**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**KONA SPRING WATER**
**DISTRIBUTING, LTD.,**

      **Plaintiff,**

**v.**                                                **Case No. 8:05-cv-119-T-23TBM**

**WORLD TRIATHLON**
**CORPORATION,**

      **Defendant.**

_____/

**O R D E R**

THIS MATTER is before the court on the following motions:

(1)    **Plaintiff/Counter-Defendant's Motion for Protective Order and Motion**
        **in Limine and Request for Expedited Consideration** (Doc. 115) and
        Defendant/Counter-Plaintiff's response (Doc. 117);

(2)    **WTC's Motion to Compel Deposition Testimony and Request for**
        **Expedited Consideration** (Doc. 119); and

(3)    **WTC's Motion to Take Deposition of Counter-Defendant's Prior**
        **Counsel and Request for Expedited Consideration** (Doc. 121).

A telephone conference on these matters was conducted on March 16, 2007.

By their motion (Doc. 115), Plaintiff/Counter Defendant Kona Spring Water

Distributing, Ltd., and Counter-Defendants Jerome Decker and Rick Seitz (collectively

referred to herein as the "Kona Group") seek (1) a protective order prohibiting the deposition

of prior counsel, Joseph T. Kissane, as well as any other counsel, and/or further attempts to

elicit privileged testimony from Seitz and Decker at deposition, and (2) an order prohibiting

Defendant/Counter-Plaintiff World Triathlon Corporation (hereinafter "WTC") from seeking

to elicit the same testimony at trial and from calling undersigned counsel and/or former

counsel as witnesses.  The Kona Group argues that the deposition of Mr. Kissane and the

further depositions of Seitz and Decker regarding communications they had with counsel are

improper as such are protected by the attorney-client privilege, Fla. Stat. § 90.502.

Anticipating WTC's response, they urge that the privilege does not give way to the crime-

fraud exception, Fla. Stat. § 90.502(4), under the circumstances of this case.

By its motions (Docs. 119, 121), WTC seeks an order compelling Seitz and Decker

to again appear at deposition to answer questions related to their recording, use and disclosure

of tape recordings of certain telephone conversations of WTC employees made in violation of

Florida law, as well as an order granting it permission to depose Joseph Kissane, Esq., former

counsel to the Kona Group, on the same subject.  The Kona Group has agreed to permit the

further depositions of Seitz and Decker but opposes any deposition of former counsel, and as

to all three requested depositions, it objects to the extent that WTC seeks to inquire about

matters protected from disclosure by the attorney-client privilege.

Upon consideration, **WTC's Motion to Take Deposition of Counter-Defendant's

Prior Counsel and Request for Expedited Consideration** (Doc. 121) is **GRANTED**, and

conversely, to the extent that the Kona Group seeks to bar any deposition of Mr. Kissane,

**Plaintiff/Counter-Defendant's Motion for Protective Order and Motion in Limine and

Request for Expedited Consideration** (Doc. 115) is **DENIED**.  On these motions, it is

sufficient to conclude that the inquiry which WTC seeks to make may not be wholly

precluded by the attorney-client privilege.  See Sound Video Unlimited, Inc. v. Video Shack

Inc., 661 F. Supp. 1482, 1487-90 (N.D. Ill. 1987); Roberts v. Jardine, 366 So. 2d 124, 125-26

(Fla. Ct App. 1979).  To the extent that counsel has non-privileged information about the

recording, transcribing, use, and disclosure of the information in the recordings and transcripts

at issue, he is appropriately deposed.[1]  Regarding **WTC's Motion to Compel Deposition**

**Testimony and Request for Expedited Consideration** (Doc. 119), the motion is likewise

**GRANTED**.  In addition to any other matters that the parties have agreed to, WTC is not

entirely barred from questioning Seitz and Decker about their use and disclosure of the illegal

wiretaps and their endeavors to do with their counsel.  At some point in this litigation, Seitz

and Decker were clearly on notice that their conduct in recording, transcribing, using or

attempting to use the information from the recordings of persons in Florida was illegal.  While

their communications with counsel of their past deeds may be protected, their attempts to use

the recordings with counsel during the litigation again implicates the statute, and in my view

brings any surrounding circumstances and conversations with counsel within the crime-fraud

exception to the privilege.  Thus, I conclude that conversations between counsel and Seitz

and/or Decker wherein the information contained in the recordings or transcripts was used in

furtherance of or attempted furtherance of the litigation is within the crime-fraud exception

and thus outside the privilege.  See Sound Video Unlimited, Inc., 661 F. Supp. at 1488-89.

---

[1]This is not to say that counsel has such information, however, there is no dispute that illegal recordings of telephone conversations were made by Seitz and reviewed and often transcribed by Decker.  Nor is it disputed that the Kona Group sought to have their counsel in this litigation listen to the tapes or review transcripts of such, ostensibly for use in the litigation.  Indeed, counsel for the Kona Group have made it a matter of the public record in this case that one or more of them listened to one or more recordings or reviewed one or more transcripts of such recordings during this litigation at the insistence of their clients.  As must be conceded, Florida law prohibits not only the surreptitious non-consensual recording of telephone calls, but also the use or attempted use and disclosure of the same.  Here, counsel has conceded that the Kona Group sought to use and disclose such recordings or transcripts during and in furtherance of this litigation.  As discussed below, I find that the Kona Group has waived any claims of privilege as to those specific instances.  In any event, the Kona Group's attempts to use the recordings or transcripts, even in the presence of counsel, implicates the statute and may be inquired about without harm to the attorney-client privilege.

While the matter of waiver has not been expressly argued, given that it is a matter of public record that the recordings were made by Seitz, transcripts were made by Decker, the information was used by both, the recordings and transcripts were given to counsel, Seitz and/or Decker insisted that counsel consider the same, and, to some unknown extent, counsel concedes it listened to the tapes or read the transcripts, any objections on attorney-client privilege grounds to questions about these events have been waived.  Thus, when the recordings or transcripts were surrendered to counsel and by whom, how many were surrendered, how many were played for counsel or used by the Defendants or counsel in the litigation, and at the request of whom, are all matters into which WTC may inquire.  See Official Cargo Transport Co. v. Certain Interested Underwriters at Lloyds of London Subscribing to Certificate of Ins. Numbers M104255.000 and M104256.000, 368 F. Supp. 2d 1314, 1318 (S.D. Fla. 2005).

To the extent that the motions are not granted, they are denied.[2]  As has been noted previously, the discovery granted herein will in no way effect the pending start of trial in this cause.

**Done and Ordered** in Tampa, Florida, this 19th day of March 2007.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies to:
United States District Judge
Counsel of Record

---

[2]At present, the court will not permit discovery from Mr. Casey.  However, to the extent that the Kona Group seeks an order in limine precluding the calling of its counsel at the trial of the cause (Doc. 115), the motion is premature.  Accordingly, that aspect of the motion (Doc. 115) is **DENIED without prejudice**.